UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 8:10-cr-483-T-23MAP
                                                                           8:16-cv-1525-T-23MAP

ROGELIO TORRES
_____/

**O R D E R**

Torres's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for conspiracy to commit robbery, aiding and abetting to commit robbery, and aiding and abetting the brandishing a firearm during a crime of violence, for which offenses he is imprisoned for a total of 192 months. Torres was convicted and sentenced under a plea agreement. (Doc. 45 in 10-cr-483)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

> On October 18, 2010, at approximately 12:17 a.m., an armed robbery occurred at Charley's Steakhouse, Tampa, Florida. The robbery had been planned by Edgar Colon (who worked at Charley's as a dishwasher), Kyle Anthony Larson, Rogelio Torres, and Osvaldo Yasel Martinez. Colon had told Torres that the plan was to rob the restaurant, but they needed a driver. Torres, [who] also worked at the restaurant, agreed to be the driver. The robbers that entered the restaurant were Kyle Anthony Larson and Osvaldo Yasel Martinez. Colon had worked the night of the robbery and left shortly before the robbery, advising Larson, Martinez, and Torres what the situation would be in the restaurant when they got there to rob it, such as how many people were still present in the restaurant and when it was good to go in. The updates occurred via the use of cell phones, including while Colon had still been in the restaurant. Larson and Martinez were driven to the robbery location to commit the robbery by the defendant, Rogelio Torres. Larson was armed with an SKS assault rifle and Martinez was armed with a hunting knife. After being dropped off at Charley's by Torres, Larson and Martinez entered the restaurant, which was closed for business for the evening, and went to a rear office where two employee-victims were located, brandished their respective weapons [and] demand[ed] money. Larson and Martinez struck the victims repeatedly in the head and face. The victims were bound with flex ties prior to Larsen and Martinez fleeing on foot to the vehicle that Torres was waiting for them in.

---

[2] This summary of the facts is from the plea agreement. (Doc. 45 in 10-cr-483).

- 2 -

> A Tampa police officer responded to the scene as Larsen and Martinez were running away from the restaurant and saw them get into the vehicle in which Torres was waiting and speed off. A full police pursuit began and Torres was ultimately stopped on the Howard Franklin Bridge by police cars that blocked him in. The defendant and Martinez were arrested in the vehicle. Larson, who fled from the vehicle and jumped into Tampa Bay, was later pulled from the water and arrested. A Tampa police diver recovered a bag that Larson was observed carrying as he jumped in the water. The bag contained approximately $15,000, which was stolen from Charley's Steakhouse. The loaded SKS was recovered from the car that the defendants fled in, as was a hunting knife.
>
> Charley's Steakhouse is a business actively participating in interstate commerce, and was so at the time of the robbery. Specifically, they are a restaurant that receives the bulk of their inventory outside the State of Florida and also outside the United States (meat products, fish products, beer, wine, liquor). Additionally, the proceeds from the sale of these inventory items are maintained in the store prior to being deposited into a business account. Funds from this account are utilized for operational expenses incurred by Charley's to include restocking such inventory items, paying overhead, and paying employees so that the restaurant can operate. Therefore, the theft of money from these stores resulted in a depletion of assets needed for the continuation of their participation in interstate commerce.

After affording him a reduction under Section 5K1.1, United States Sentencing Guidelines, and a three-level enhancement (instead of a four-level enhancement) for the victims' injuries, Torres was sentenced to concurrent terms of 108 months for the two robberies and a mandatory consecutive 84 months for the brandishing of a firearm. Torres appealed, notwithstanding the standard appeal waiver in the plea agreement. (Doc. 45 at 10–11 in 10-cr-483) The convictions and sentences were affirmed. (Doc. 179) On October 7, 2013, the Supreme Court denied Torres's petition for the writ of *certiorari*. (Doc. 182) Torres's motion to vacate is untimely.

## STATUTE OF LIMITATIONS

Torres's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Torres's conviction became final on October 7, 2013, upon the denial of his petition for the writ of *certiorari*, and his limitation expired one year later on October 7, 2014. Torres's motion to vacate, which is dated June 5, 2016, is more than a year late.

Recognizing his untimeliness under Section 2255(f)(1), Torres asserts entitlement to a new limitation under Section 2255(f)(3), which establishes a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Torres erroneously asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which holds unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e). Torres was not sentenced

under the ACCA; his mandatory consecutive sentence is under Section 924(c) for brandishing the firearm. *Johnson* is not directly applicable.

Torres argues for extending *Johnson* to Section 924(c)'s residual clause, which is nearly identical to the ACCA's residual clause. Torres would not benefit from extending *Johnson* to the residual clause in Section 924(c) because *Johnson* found that only the residual clause of the ACCA was unconstitutionally vague — *Johnson* is inapplicable to the "enumerated offenses clause" and the "elements clause" of the ACCA. Under Section 924(c)(3), a "crime of violence" is defined by both a "use-of-force clause" and a "residual clause." Even if *Johnson* extended to Section 924(c)'s residual clause, Torres would not benefit because *Johnson* is inapplicable to the "use-of-force clause." *In re Charles Hines*, No. 16-12454 ___ F.3rd ___, 2016 WL 3189822, at *2–3 (11th Cir. June 8, 2016) (some brackets original), explains:

> As noted, *Johnson* rendered the residual clause of [the ACCA] invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3).[3] Further, our Court has not held that *Johnson* invalidates § 924(c)(3)(B). However, even were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."[4]
>
> > [3] Section 924(c)(3) defines a crime of violence as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk

> that physical force against the person or property of another may be used in the course of committing the offense." Section 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.
>
> [4] Similarly, the ACCA's elements clause, whose validity *Johnson* did not question, defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 924(e)(2)(B)(i).
>
> Here, Count 1 charged that Hines "by force, violence and intimidation, did take from the person or presence of [a teller] monies belong[ing] to [a federally-insured bank]" and that in doing so, Hines "did assault and put in jeopardy the life of [two individuals] by use of a dangerous weapon," all in violation of 18 U.S.C. § 2113(a) and (d). These allegations in the indictment mimic the requirements of § 2113 (a) and (d). The statutory elements that these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."
>
> This means that Hines's conviction under § 924(c) would be valid even if *Johnson* renders the "crime of violence" definition in § 924(c)(3)(B) unconstitutional.

Torres's sentence under Section 924(c) is based on his conviction for both conspiracy to commit robbery and aiding and abetting to commit robbery in violation of 18 U.S.C. § 1951(a). A conviction under Section 1951(a) requires that the defendant commit a robbery and Section 1951(b)(1) defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate of future to his person or property . . . ." Torres's two

- 6 -

convictions involving the robbery of the restaurant — crimes that involved the beating of two victims and the threatened use of both a firearm and a hunting knife — meet the "use-of-force clause" in Section 924(c)(3)(A) without reliance on the "residual clause." As *Hines* instructs, Torres would gain no benefit from extending *Johnson* to Section 924(c).

Accordingly, the motion to vacate (Doc. 1) is **DENIED** as untimely and *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable. The clerk must enter a judgment against Torres and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Torres is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Torres must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and he is entitled to relief under neither *Johnson* nor *Welch*, Torres is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Torres must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 28, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE